FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 21  AM 11: 53

Kenneth S. Roosa, Esq.
Cooke, Roosa & Valcarce, LLC
3700 Jewel Lake Road
Anchorage, Alaska 99502
Phone: 907-276-2744
Facsimile: 907-276-2746
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CURTIS ALEXIE, | Case No. A 05-297-CV |
| Plaintiffs, | |
| vs. | **COMPLAINT** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Plaintiff Curtis Alexie, by and through his counsel of record, Cooke, Roosa & Valcarce, LLC, and hereby claims and alleges as follows:

1. Plaintiff Curtis Alexie is a resident of the State of Alaska.

2. The acts or omissions upon which this cause is based occurred in Anchorage, Alaska.

§ 2674, and this court has exclusive jurisdiction over this action pursuant to 28 U.S.C. § 1346(b).

4. Notice of this claim as required by 28 U.S.C. § 2675 was received by the U.S. Department of Health and Human Services on April 8, 2005.

5. Defendant has not rendered a final decision and more than six months have elapsed since plaintiff submitted the administrative claim.

6. The Alaska Native Medical Center (hereafter "ANMC") is operated by the Alaska Native Tribal Health Consortium (hereafter "ANTHC") in Anchorage, Alaska. ANMC is a compacting entity of the Indian Health Service (IHS). Health care providers at ANMC are employees of the United States for purposes of liability under the FTCA if they are employees of ANMC, acting within the scope of their employment and are carrying out the compact with the IHS at the time of the act which gives rise to the complaint.

7. At all times pertinent to this complaint, the employees of ANMC who are alleged to have acted in a negligent manner were acting within the scope of their employment and were also carrying out ANMC's compact with the IHS.

8. Curtis Alexie is an adult, and was born on 5/15/1983. He is 22 years of age.

9. On or about August 28, 2004 Curtis Alexie was taken to the emergency room and hospitalized at ANMC for abdominal pain. Subsequent findings included airspace consolidation of the left lower lobe, acute pneumonia, moderate sized right-sided pleural effusion with compressive atelectasis of the right lower lobe, a small amount of ascites

surrounding the liver, and some edema of the abdominal and bowel walls.

10. From August 28, 2004 to December 2, 2004, Curtis Alexie was given cyclosporine, in dosages that at times far exceeded the maximum recommended therapeutic dosage, despite the fact that such drug has a high level of toxicity, and despite the fact that Curtis Alexie had a history of seizures.

11. Curtis Alexie suffered cortical blindness, and is now permanently legally blind as the result of neurotoxicity secondary to cyclosporine therapy that was used to treat his nephrotic syndrome, and/or as a result of excessively low hemoglobin levels during surgery, causing ischemic neuropathy. Consultation with Radiology and Neurology specialists failed to recognize the problem, even after warning signs were evident in a CT scan and MRI of the brain.

12. During his inpatient hospital stay, Curtis Alexie spontaneously developed a perforation of his small bowel. Despite the fact that his bowel was obviously perforated, the location of the perforation was not determined and was not repaired during the course of four operations.

13. The surgeries were performed by residents -- surgery students -- without the informed consent of Curtis Alexie. These inexperienced physicians failed to timely locate and repair the perforation in his bowel, resulting in an ileostomy being performed.

14. ANMC's negligent failure to timely locate and repair Curtis Alexie's perforated bowel resulted in an excessive number of operations, with the effect that he had

to have a decompressive colostomy. Curtis Alexie still wears a colostomy bag at the time this complaint was filed, a year after discharge from ANMC, and it is unknown whether or not he will ever regain normal bowel function.

## COUNT I

15. Plaintiff incorporates by reference the preceeding paragraphs of this Complaint, and further alleges that medical personnel employed by ANMC, including surgical residents, doctors nurses, and other medical staff members were negligent in providing medical care to Curtis Alexie. These negligent acts include failing to provide adequate treatment and care, including but not limited to failures in providing the correct dosage and types of medications, including cyclosporine, failure to properly monitor and correct Curtis Alexie's hemoglobin levels during surgery, failure to timely diagnose and treat his vision loss, failure to locate and repair a perforation in his bowel, and multiple operations which would not have been necessary but for the inadequacy of the surgical care initially rendered, causing a decompressive colostomy to be performed. Other failures include failing to timely diagnose, failing to act with a reasonable degree of urgency, failing to make and maintain medical records, and failing to act with due care in providing medical care and treatment.

16. Physicians at the ANMC either lacked the degree of knowledge or skill ordinarily exercised under the circumstances, at the times of the acts complained of, by health care providers in the field or specialty in which they were practicing, or they failed to

exercise the required degree of care, knowledge, or skill, and as a proximate result of this lack of knowledge or skill or the failure to exercise the required degree of care, the plaintiff now suffers from injuries that he would not otherwise have incurred.

17.    As a direct and proximate result of the negligence of the defendant described above, the plaintiff, Curtis Alexie sustained personal injury; great physical and mental pain, shock, agony and emotional suffering; loss of enjoyment of life; loss of love and companionship and other economic and non-economic losses all to her damage in excess of $100,000.00, the exact amount to be determined at trial.

## COUNT II

18.    Plaintiff Curtis Alexie realleges and incorporates herein as though they were set out in full, all allegations of the preceding paragraphs of the complaint and further alleges that as a direct and proximate result of the negligence of the defendant described above, the plaintiff suffered negligent infliction of emotional distress and loss of love, support and consortium, injury, damage and loss including, but not limited to the following: past and future economic and non-economic damages, mental anguish and emotional distress; medical costs and related transportation, lodging and other expenses; loss of wages, loss of economic opportunities; loss of subsistence opportunities; loss of support, loss of personal services, care and affection and consortium all to his damage in excess of $100,000.00, the exact amount to be determined at trial.

## DAMAGES

WHEREFORE, the plaintiff prays for relief as follows:

A.   An amount in excess of One-hundred Thousand Dollars ($100,000.00), the exact amount to determined at trial;

B.   For costs and such other and further relief as this court deems just and equitable.

DATED at Anchorage, Alaska this ___20th___ day of December 2005.

COOKE, ROOSA & VALCARCE, LLC
Attorneys for Plaintiffs

By: _____
Kenneth S. Roosa