DEBORAH M. SMITH
Acting United States Attorney

GARY GUARINO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Rm. 253
Anchorage, AK 99513-7567
Telephone: (907) 271-5071
Facsimile: (907) 271-2344
gary.guarino@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CURTIS ALEXIE,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 3:05-cv-297-JWS |

Defendant United States of America, through counsel, answers Plaintiff's Complaint as follows:

1.   Upon information and belief, Defendant admits that Plaintiff was residing in the State of Alaska at the time of the alleged events in the Complaint.

Defendant lacks sufficient information to admit or deny the remaining allegations, accordingly they are denied.

2.  Defendant admits that Plaintiff has asserted alleged acts or omissions relating to his medical condition and care at the Alaska Native Medical Center in Anchorage, Alaska. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations, accordingly they are denied.

3.  The copy of the Complaint provided to Defendant has no paragraph 3 and has an unnumbered portion of a sentence. Defendant lacks sufficient knowledge or information to admit or deny the missing allegations, accordingly they are denied. The allegation regarding the court's jurisdiction states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that the court may have jurisdiction over claims under the Federal Tort Claims Act.

4.  Defendant admits that an administrative tort claim was filed with the Department of Health and Human Services on April 7, 2005.

5.  The allegations are admitted.

6.  The allegations in the first two sentences of paragraph 6 are admitted. The remaining allegations state a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that health care providers who

are employees of the ANMC may be deemed to be employees of the United States, as determined under 25 U.S.C. § 450f(d), to the extent they provided medical care to Curtis Alexie within the scope of their employment and within ANTHC's compact and funding agreement with the IHS.

7. The allegations state a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that some of the health care providers who provided medical care to Curtis Alexie were employees of the ANMC and were providing medical care within the scope of their employment and within ANTHC's compact and funding agreement with the IHS. Plaintiff's Complaint does not identify all of the health care providers that are alleged to have provided negligent medical care. As to these unidentified health care providers, Defendant denies the allegations of employment status either directly or because Defendant lacks sufficient knowledge or information to admit or deny the allegations.

8. Upon information and belief, the allegations are admitted.

9. Upon information and belief, Defendant admits that the medical records indicate that on or about August 28, 2004 Curtis Alexie was transferred to the emergency room at the ANMC for complaints relating to abdominal pain, that he was hospitalized, and that examination and testing showed indications or impressions of

left lower lobe consolidation, ascites surrounding the liver, moderate right sided pleural effusion with compressive atelectasis of the right lower lobe, and some edema of the abdominal and bowel wall. The medical records document the examinations and information obtained regarding Curtis Alexie and may include other information regarding his condition and diagnoses. The remaining allegations are denied.

10. Upon information and belief, Defendant admits that the medical records indicate that Curtis Alexie was prescribed cyclosporine by the consulting nephrologists who were treating Curtis Alexie's kidney disease and nephrotic syndrome. The remaining allegations are denied either directly or because Defendant lacks sufficient information to admit or deny the allegations..

11. Upon information and belief, Defendant admits that the medical records indicate that Curtis Alexie experienced vision problems and a loss of vision. The remaining allegations are denied either directly or because Defendant lacks sufficient information to admit or deny the allegations.

12. Upon information and belief, Defendant admits that Curtis Alexie had multiple operations relating to his abdominal pain and bowel condition. Defendant lacks sufficient information to admit or deny the remaining allegations, accordingly they are denied.

13. The allegations are denied.

14. Defendant admits that Curtis Alexie underwent surgery for an ileostomy and colostomy. The remaining allegations are denied either directly or because Defendant lacks sufficient information to admit or deny the allegations.

## Count I

15. Defendant incorporates its responses to Paragraphs 1 to 14 above. The remaining allegations are denied.

16. The allegations are denied.

17. The allegations are denied either directly or because Defendant lacks sufficient information to admit or deny the allegations.

## Count II

18. Defendant incorporates its responses to Paragraphs 1 to 17 above. The remaining allegations are denied either directly or because Defendant lacks sufficient information to admit or deny the allegations.

## DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Defendant's conduct was not a legal cause of Plaintiff's alleged injuries.

3. Plaintiff's damages and recovery, if any, are subject to and limited by the provisions of Alaska statutory and common law, including AS 09.17.010 to AS 09.17.900, to the extent that these provisions are not inconsistent with the Federal Tort Claims Act.

4. To the extent that Plaintiff, in this action, asserts injury or damage claims or claims of negligence that were not raised in the administrative claim, such claims are barred under 28 U.S.C. §2675.

5. To the extent that Plaintiff's alleged injuries and/or damages were not caused by the negligent or wrongful act or omission of an ANMC employee acting within the scope of his employment and within the scope of ANTHC's compact agreement with the United States Indian Health Service under Public Law No. 93-638, the Defendant is not liable for such injuries or damages.

6. To the extent that Plaintiff's alleged injuries and/or damages were caused by the wrongful conduct or fault of another person or health care providers who were not employees of the United States under the circumstances in this case, then Defendant is entitled to allocation and apportionment of fault and damages under AS 09.17.080, and any award of damages against Defendant should be denied or reduced accordingly.

7. To the extent that it is allowed under federal law and Alaska law, including AS 09.55.548, the Defendant is entitled to a credit or offset for any past or future benefits paid for or payable by, in whole or in part, state or federal government programs not subject to subrogation. The amount of damages awarded in this action, if any, should be reduced accordingly.

8. Pursuant to 28 U.S.C. §2674, Plaintiff is not entitled to recovery of punitive damages.

9. Pursuant to 28 U.S.C. §2674, Plaintiff is not entitled to recovery of prejudgment interest on any damages award.

10. Attorney fees are only recoverable as part of a judgment and not in addition thereto, 28 U.S.C. § 2678.

11. Defendant asserts that it may have additional defenses which are not known to Defendant at this time, but which may be ascertained through discovery. Defendant specifically preserves these additional defenses as they are ascertained through discovery.

Wherefore, Defendant generally denies that Plaintiff is entitled to any recovery, and Defendant requests that Plaintiff's Complaint be dismissed, that judgment be entered in favor of Defendant, and that the Court award Defendant costs and such other relief to which it is entitled.

Alexie v. USA
Case No. 3:05-cv-297-JWS            7

Respectfully submitted this 17th day of March, 2006, in Anchorage, Alaska.

>DEBORAH M. SMITH
>Acting United States Attorney
>
>s/Gary M. Guarino
>Assistant U.S. Attorney
>222 West 7th Ave., #9, Rm. 253
>Anchorage, AK 99513-7567
>Phone: (907) 271-5071
>Fax: (907) 271-2344
>E-mail: gary.guarino@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2006,
a copy of the foregoing Answer
was served electronically on Kenneth S. Roosa.


s/ Gary Guarino