UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| CURTIS ALEXIE, | ) | |
| | ) | |
| Plaintiff, | ) | 3:05-cv-00297 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| UNITED STATES OF AMERICA, | ) | [Re: Dockets 35 and 37] |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I. MATTERS PRESENTED

At docket 35 defendant United States objects to certain of plaintiff's exhibits. Specifically, the United States objects to the admission of Exhibit 1B, which is Dr. Uyeda's expert report; Exhibit 2B, which is Dr. Rosen's expert report; and Exhibit 3B, which is Mr. Gallela's expert report on the grounds that the reports are inadmissible hearsay under Fed. R. Evid. 802. Similarly, at docket 37, plaintiff Alexie objects to certain of defendant's exhibits. In particular, he objects to all of the *curricula vitae* for defendant's expert witnesses and to all of the expert reports prepared by those experts on the grounds that they are hearsay. Neither party has responded to the objections.

## II. DISCUSSION

A ruling on Alexie's hearsay objections to the *curricula vitae* ("c.v.'s") for the United States' experts is RESERVED until trial. Technically, these materials are excludable as hearsay, but if an expert witness testifies to each of the points on his c.v.,

exclusion serves little purpose except to require the trial court to duplicate in notes that which is already written in the c.v. If an appeal becomes necessary, exclusion of the c.v.'s deprives the appellate court of a convenient summary of those facts asserted to support qualification as an expert. In short, the court entertains the hope that at trial the parties will stipulate to the admission of the c.v.'s. Of course, such a stipulation need not constitute a stipulation that the expert is in fact qualified to offer expert opinion testimony.

The objections to the expert reports are SUSTAINED. Application of the hearsay rule to exclude both parties' experts reports is quite straightforward. The reports are out-of-court statements by witnesses offered for their truth and so fall within the definition of hearsay in Fed. R. Evid. 801. That means they must be excluded pursuant to Rule 802, unless they fall within an exception identified in Rule 803. They do not. However, some explanation and a comment on the extent of the ruling are in order.

First, the explanation: This court recognizes that some courts admit expert reports under Fed. R. Evid. 807 or analogous state court rules. However, such reports cannot meet the requirement of Fed. R. Evid. 807(B), because the expert's live direct testimony is at least equally probative. Perhaps some courts apply an analysis similar to the discussion above regarding c.v.'s resulting in admission of expert reports under a theory that they are of material aid to the trier-of-fact, and this somehow warrants an exception to the hearsay rule. Whatever the practice of other courts, this court finds no applicable exception to the hearsay rule. It may be added that when the subject of the document is substantive testimony directed at important issues in the case (as distinguished from collateral and usually undisputed information regarding an expert's professional experience of the sort found in a typical c.v.), it is inappropriate to allow the witness to bolster his substantive testimony with what is functionally the equivalent of additional written direct testimony.

Second, a comment on the extent of the ruling: By excluding the experts' written reports, the court is not foreclosing use of tables, graphs, or the like which may be contained in such reports, either as demonstrative exhibits or as exhibits admitted by stipulation. Tables, graphs, and the like may sometimes be likened to c.v.'s, which can

Case 3:05-cv-00297-HRH   Document 42   Filed 01/21/09   Page 2 of 3

function as an alternative to lengthy note taking by the court. A stipulation providing for the admission of such a table would not, of course, mean that the information in the table is correct, but merely that the particular expert says it is correct. Finally, it may be noted that in some instances, tables or graphs from an expert's report might be admissible under Fed. R. Evid. 1006.

### III. CONCLUSION

For the reasons above, the *curricula vitae* will be excluded from evidence absent a stipulation for their admission, and the expert reports are excluded from evidence.

DATED this 21st day of January 2009.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE